Matter of Werner (2018 NY Slip Op 03133)





Matter of Werner


2018 NY Slip Op 03133


Decided on May 2, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2017-08468

[*1]In the Matter of Edward Gerard Werner, a suspended attorney. (Attorney Registration No. 2396877)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 27, 1991. By order to show cause dated November 3, 2017, this Court directed the respondent to show cause why an order should or should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by three orders of the Supreme Court of New Jersey filed April 26, 2013, March 12, 2014, and June 15, 2017, respectively.



By decision and order on motion dated March 30, 2015, the respondent was immediately suspended from the practice of law in this State pursuant to Judiciary Law § 468-a based on his failure to re-register with the Office of Court Administration for 10 biennial registration periods. The respondent remains delinquent and has never sought reinstatement.
Diana Maxfield Kearse, Brooklyn, NY (Susan B. Master of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.



PER CURIAM.


OPINION & ORDER
The respondent was admitted to the State Bar of New Jersey in 1989. Due to his failure to pay his annual attorney assessment fees, he was declared ineligible to practice law in that state on September 27, 2010. After the respondent was declared ineligible to practice law, the Supreme Court of New Jersey issued three separate orders of discipline: an order filed April 26, 2013, reprimanding him, an order filed March 12, 2014, temporarily suspending him, and an order filed June 15, 2017, censuring him.
New Jersey Disciplinary Proceedings 
As described in a decision of the New Jersey Disciplinary Review Board (hereinafter the DRB), dated March 8, 2013, which resulted in the first of the three orders issued by the Supreme Court of New Jersey, the disciplinary matter emanated from a grievance complaint filed against the respondent by Claire Keating. Keating alleged that, in September 2009, she retained the respondent for a divorce proceeding and paid him a legal fee of $4,000. In February 2010, the respondent advised Keating that he could no longer represent her. He also advised her that he was no longer in possession of any of the money she had paid him, as he had used the money to make child support payments. The respondent thereafter stopped communicating with Keating. Keating retained new counsel and filed a complaint with the New Jersey District IIIB Ethics Committee (hereinafter the District Ethics Committee).
Between July 28, 2010, and March 18, 2011, the District Ethics Committee sent five letters to the respondent seeking a response to Keating's complaint. All five letters were returned by the Post Office, marked "Return to Sender-Not Deliverable as Addressed-Unable to Forward." On May 31, 2012, the District Ethics Committee served the respondent, by certified and regular mail, [*2]with a formal complaint alleging violations of the New Jersey Rules of Professional Conduct (hereinafter RPC) rules 1.5(a) (unreasonable fee), 1.16(d) (failure to return unearned portion of a retainer), based upon Keating's complaint, and 8.1(b) (failure to cooperate with an ethics investigation). Both mailings were returned by the Post Office marked "Not Deliverable As Addressed." On June 18, 2012, the District Ethics Committee published in two newspapers a notice advising the respondent that a formal ethics complaint had been filed against him. No answer was filed. The District Ethics Committee thereafter certified the matter for default to the DRB.
The DRB determined that the respondent violated RPC rule 1.16(d) (failure to return an unearned portion of a retainer), but declined to find that the respondent failed to cooperate in the DEC's investigation, since the mailings were returned as undeliverable. The DRB did find, however, that the respondent's failure to keep the disciplinary authorities apprised of his current address, as required by New Jersey Rules of Court rule 1:20-1(a), was an aggravating factor. The DRB recommended to the Supreme Court of New Jersey that the respondent be reprimanded for his misconduct, and be required to refund the entire $4,000 fee to Keating within 60 days, "as it was unearned." By order filed April 26, 2013, the Supreme Court of New Jersey reprimanded the respondent for a violation of RPC rule 1.16(d) and directed that he refund the fee of $4,000 to Keating within 60 days.
The respondent failed to comply with the April 26, 2013, order, resulting in the second of the three orders issued by the Supreme Court of New Jersey. By order filed March 12, 2014, the Supreme Court of New Jersey temporarily suspended the respondent from the practice of law pending his compliance with the order filed April 26, 2013, and return of the $4,000, and directed him to comply with New Jersey Rules of Court rule 1:20-20, which requires an attorney to file an affidavit of compliance.
As revealed in a decision of the DRB dated December 2, 2016, which resulted in the third of the three orders issued by the Supreme Court of New Jersey, the New Jersey Office of Attorney Ethics (hereinafter the Office of Attorney Ethics) sent a letter dated July 3, 2014, to the respondent, by certified and regular mail, to four different addresses in New Jersey and Colorado, to notify him of his responsibility to file an affidavit of compliance and request a current address. While most of the mailings were returned by the Post Office as unclaimed or undeliverable, one of the certified mailings to a newly discovered address in Denver, Colorado, was signed for by the respondent as having been received on July 9, 2014. The respondent nevertheless failed to respond or file an affidavit of compliance.
On February 20, 2015, the Office of Attorney Ethics served the respondent, by certified and regular mail addressed to the Denver, Colorado, address, with a formal complaint charging him with violation of RPC rules 8.1(b) (failure to reply to a lawful demand for information from a disciplinary authority) and 8.4(d) (conduct prejudicial to the administration of justice) based on the respondent's failure to file the required affidavit of compliance. The certified letter was returned marked "unclaimed," but the regular mail was not returned. On August 4, 2015, the Office of Attorney Ethics sent the respondent a second letter, by both certified and regular mail, informing him that, unless he filed an answer to the complaint within five days of the date of the letter, the allegations in the complaint would be deemed admitted and the matter would be certified for the imposition of a sanction. The certified mail was returned "unclaimed," but the regular mail was not returned. Upon the respondent's default in answering the Office of Attorney Ethics complaint, and continued failure to file the affidavit of compliance, the Office of Attorney Ethics certified the matter for default.
The DRB determined that the respondent violated RPC rules 8.1(b) and 8.4(d) based on his failure to comply with his obligation to file an affidavit of compliance as required by New Jersey Rules of Court rule 1:20-20, and recommended a censure. By order filed June 15, 2017, the Supreme Court of New Jersey censured the respondent for violations of RPC rules 8.1(b) and 8.4(d).
Order to Show Cause 
By order to show cause dated November 3, 2017, the respondent was directed to show cause why an order should or should not be made and entered pursuant to 22 NYCRR 1240.13 based on the misconduct underlying the discipline imposed by the aforementioned three orders of the Supreme Court of New Jersey filed April 26, 2013, March 12, 2014, and June 15, 2017, respectively, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) on or before November 27, 2017. The order to show cause was mailed, by first class mail, to the respondent at his address in Denver, Colorado, and a second address in Irving, Texas. These mailings were not returned. To date, the [*3]respondent has neither filed a response; nor has he requested additional time in which to do so.
Based on the foregoing, we find that the imposition of reciprocal discipline is warranted, and the respondent is suspended from the practice of law for an indefinite period based on the disciplinary action taken against him in three separate orders of the Supreme Court of New Jersey. Any future application for reinstatement shall be conditioned upon the submission of proof that the respondent has been reinstated to the New Jersey Bar and that he is in good standing in New Jersey.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Edward Gerard Werner, is suspended from the practice of law for an indefinite period, effective immediately, and continuing until further order of this Court. In any future application for reinstatement (see 22 NYCRR 1240.16 and 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, Edward Gerard Werner, shall continue to comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Edward Gerard Werner, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Edward Gerard Werner, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that any future application for reinstatement is conditioned upon the submission of proof that the respondent has been reinstated to the New Jersey Bar and is in good standing in New Jersey.
ENTER:
Aprilanne Agostino
Clerk of the Court